UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
KEVIN GRANADOS-COREAS,

Plaintiff,

-against-

NASSAU COUNTY, Corrections Officers MICHAEL McCANN, BRIAN JOHNSON, TIMOTHY BARNET, and KEVIN BERRY,

Defendants.
-------------------------------------------------------X

**ORDER**
CV 18-6092 (AYS)

**ANNE Y. SHIELDS, United States Magistrate Judge:**

This is an action commenced by Plaintiff, Kevin Granados-Coreas ("Plaintiff"), pursuant to 42 U.S.C. §1983, alleging the use of excessive force and failure to intervene. The incident forming the basis of this action took place when Plaintiff was a pretrial detainee in the custody of Defendant County of Nassau ("Nassau" or the "County"). In addition to naming the County as a Defendant, Plaintiff names as defendants three individual Nassau County Corrections Officers. This case is trial ready. Presently before the Court are the parties' several motions in limine. As set forth below, the motions are granted in part and denied in part, without prejudice to the extent noted herein.

## DISCUSSION

### I. Factual Background

The presently operative pleading is Plaintiff's Amended Complaint, appearing as Docket Entry ("DE") [15] herein. As set forth therein, this action arises out of an incident that took place on November 1, 2017, when Plaintiff was a pretrial detainee at the Nassau County Correctional Center ("NCCC"). The incident occurred in and around the time that Plaintiff was escorted by

Defendant Corrections Officer ("CO") Michael McCann ("McCann") to an area where Plaintiff could visit with his mother and a friend. Plaintiff alleges that the visit was abruptly cancelled and that he was thereafter assaulted. It appears that the visit cancellation and altercation arose out of a dispute regarding the hem of Plaintiff's pants. Plaintiff alleges that the pants were rolled up because they were too big; Defendants allege that the rolling of pants is associated with concealment of contraband by gang members. Plaintiff alleges that he was assaulted first by Defendant CO McCann and was thereafter assaulted and restrained by Defendant COs Brian Johnson ("Johnson"), Timothy Barnet ("Barnet") and Kevin Berry ("Berry"). The facts will be developed and veracity determined by a jury at trial. As to his claims, Plaintiff alleges the violation of his Constitutional rights in the form of the use of excessive force (First Cause of Action, DE [15] at 39-43), Municipal Liability (Second Cause of Action, DE [15] at 44-49), and Failure to Intervene (Fifth Cause of Action, [DE 15] at 57-60).[1] Defendants deny all allegations.

II. Procedural Background

A. The Close of Fact Discovery and Dispositive Motion Practice

Although this case was commenced in 2018, discovery was delayed because of Plaintiff's pending criminal case. Nonetheless, on March 12, 2021, Defendants reported that the depositions of all Defendants were complete. Logistical difficulties regarding the taking of Plaintiff's deposition were reported, but the parties anticipated that his deposition and any independent medical examination ("IME") would be conducted within thirty days of the letter, i.e., by April 12, 2021. On November 16, 2021, this Court entered a status report order summarizing prior discovery orders, noting that pursuant to its nearly eleven months' earlier

---

1 Plaintiff has agreed to dismiss claims previously alleged for conspiracy to violate his civil rights, as set forth in his Third and Fourth Causes of Action. See Amended Joint Pretrial Order, DE [44] at 9.

Order, dated January 26, 2021, all discovery was to have been completed by October 3, 2021, and that the deadline for the making of any dispositive motions was set at November 2, 2021. See Electronic Order of Shields, M.J., dated Jan. 26, 2021. As both deadlines had passed, this Court assumed that discovery was complete and that no party intended to interpose a dispositive motion. See Electronic Order of Shields, M.J., dated Nov. 16, 2021.

Thereafter, on November 30, 2021, Defendants reported that Plaintiff's deposition had not taken place – either within the thirty-day period referred to in the March 2021 letter, nor prior to the expiration of the discovery deadline. (DE [29].) By way of excuse, the County relied on staffing changes and a busy trial schedule. See id. In response thereto, on December 2, 2021, this Court entered an order denying Defendants' request to reopen discovery for a period of sixty days to take the Plaintiff's deposition and to conduct an IME. In support of that ruling, this Court noted that Defendants first requested Plaintiff's availability for a deposition in January 2021. Plaintiff's availability was provided the next day. Defendants again requested Plaintiff's availability for a deposition in March 2021. Plaintiff's counsel provided information regarding her client's availability that same day. No action to schedule that deposition took place. The Deputy County Attorney referenced in Defendants' letter seeking additional time in which to depose Plaintiff did not leave the County Attorney's Office until June 2021. This gave Defendants ample time prior to his departure to conduct a deposition of Plaintiff and his IME. Defendants also had ample time since that June 2021 departure (and prior to the close of discovery) to take Plaintiff's deposition and conduct his IME. They simply chose not to do so, despite the cooperation of Plaintiff's counsel in providing her client's availability on more than one occasion.

Based on all of these facts, Defendants' request to reopen fact discovery was denied. See Scheduling Order dated Dec. 2,2021. This Court also noted that the time to initiate dispositive motions had expired with neither party commencing motion practice. In accord with its rulings regarding the close of discovery, this Court held that the time to make any such motion was also deemed closed.

B. The Joint Pretrial Order and Consent to this Court's Jurisdiction

In addition to deeming discovery and dispositive motion practice closed, counsel were directed to submit a joint pre-trial order (the "JPTO"), consistent with the rules of the then-assigned District Court Judge, on or before January 6, 2022. That date was thereafter extended to January 27, 2022. See Electronic Order of Shields, M.J., dated Jan. 24, 2022. The parties' joint pretrial order was thereafter timely filed on January 27, 2022. (DE [33].) Shortly thereafter, Plaintiff voluntarily dismissed his claims against non-appearing "John Doe" defendants, and the District Court approved the parties' consent to the exercise of jurisdiction by this Court. (DE [34]-[36].)

C. Scheduling of the Trial and Amendment of the JPTO

This Court held a final pre-trial conference on February 22, 2022, setting jury selection for May 12, 2022. Although this date presented a possible conflict with Plaintiff's state court criminal trial, the parties thereafter advised the Court that the Plaintiff herein (who is the Defendant in the state court criminal proceeding) pleaded guilty, and the criminal trial which presented the conflict would not proceed. Plaintiff is currently in custody in connection with that plea of guilty. Despite Plaintiff's availability for trial since May of 2022, logistical problems, including a backlog in criminal cases and the precedence of transporting prisoners in those cases (over civil cases) to attend criminal matters in the Federal Courthouse, have resulted in delay of

this civil matter. Although there is not now a trial date certain, see Electronic Scheduling Order dated Oct. 11, 2022, the lapse in time has resulted in this Court's decision to re-visit its earlier order regarding Defendants' request to amend the joint pretrial order. (DE [55].)

Despite the lack of certainty for a date of the trial in this civil matter, the Court will move to decide the pending pre-trial motions. This approach allows the Court to rule in advance of trial as to the admissibility and use of "forecasted evidence." See James v. Vogel, 1:18-CV-801, 2019 WL 3387998, at *1 (N.D.N.Y. July 27, 2019) (citing Luce v. United States, 469 U.S. 38, 40 n.2 (1984)) (additional citation omitted). With regard to such evidence, motions seeking to exclude are properly granted when the evidence at issue "is clearly inadmissible on all potential grounds." James, 2019 WL 3387998, at *1 (citing Baxter Diagnostics, Inc. v. Novatek Med, Inc., No. 94-cv-5220, 1998 WL 665138, at *3 (S.D.N.Y. Sept. 25, 1998)). Where, on the other hand, the nature of the evidence is unclear and/or subject to change, the court may reserve decision until trial and/or "in the exercise of sound judicial discretion . . . alter or change a previous in limine ruling" at trial as "the case unfolds, particularly if the actual testimony differs from what was contained in the [movant's] proffer." James, 2019 WL 3387998, at *1 (quoting Luce, 469 U.S. at 41-42). With these general standards governing trial in mind, the Court turns to the merits of the parties' pretrial motions in limine, so that once the trial commences, the case will proceed without further delay.

III.     The Motions in Limine

While the parties have interposed several motions, many are mirror images of each other. For example, Defendants seek an order allowing admission in evidence of Plaintiff's felony convictions and gang affiliation (even if for only limited purposes or for cross-examination),

while Plaintiff seeks to exclude such evidence for any purpose. For the sake of brevity, the Court addresses each issue on the merits without reference to particular motions.[2]

IV. Legal Principles

The Federal Rules of Evidence that apply to the pending motions are as follows:

A. Rule 402

Federal Rule of Evidence 402 provides for the admissibility of relevant evidence and the inadmissibility of irrelevant evidence. See Fed. R. Evid. 402.

B. Rule 403

Rule 403 of the Federal Rules of Evidence allows the court to exclude relevant evidence if the probative value thereof is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. See Fed. R. Evid. 403. When determining prejudice under Rule 403, the Court considers whether the prejudice is unfair, as opposed to merely harmful.

C. Rule 404

Federal Rule of Evidence 404 provides rules regarding the use of character evidence. In pertinent part, it provides as follows:

> Rule 404(a): Character Evidence
>
> (1) Prohibited Uses. Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait.

[2] The parties also argue procedural impropriety with respect to whether motions are allowed under the scope of those set forth in the pretrial order and/or with respect to this Court's Individual Rules. Rather than ruling on these motions based upon such procedural grounds, the Court addresses each motion on the merits. The fact that the Court has allowed amendment of the JPTO and the trial date is not yet set makes this approach preferable.

* * *

> (3) Exceptions for a Witness. Evidence of a witness's character may be admitted under Rules 607, 608, and 609.

See Fed. R. Evid. R. 404(a)

> Rule 404(b): Other Crimes, Wrongs, or Acts
>
> (1) Prohibited Uses. Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> (2) Permitted Uses. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

See Fed. R. Evid. 404(b).

Where evidence is admitted for the limited purposes set forth in Rule 404(b)(2), "it makes no difference whether the acts occurred before or after the events at issue." Lombardo v. Stone, No. 99 Civ. 4603, 2002 WL 113913, at *4 (S.D.N.Y. Jan. 29, 2002). However, admission for these limited purposes is improper when such admission violates Rule 403. See Id.

D. Rule 609

Federal Rule of Evidence 609 governs the use of criminal convictions for impeachment purposes in civil actions. As to felony convictions, it provides that where, as here, the party against whom the evidence is sought to be used is the Plaintiff, such evidence "must be admitted, subject to Rule 403." Fed. R. Evid. 609(a)(1)(A). Thus, in cases involving felony convictions, Rule 609 requires admission of the evidence of conviction, unless the Court determines, pursuant to Rule 403, that the probative value of that evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative

evidence. The determination as to the use of criminal felony convictions is within the sound discretion of the district court. See United States v. Estrada, 430 F.3d 606, 621 (2d Cir. 2005).

When balancing the probative value of the conviction evidence against prejudice, as instructed by Rule 609, courts consider: "(1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness." Espinosa v. McCabe, No. 9:10-cv-497, 2014 WL 988832, at *2 (S.D.N.Y. Mar. 12, 2014) (quoting Daniels v. Loizzo, 986 F. Supp. 245, 250 (S.D.N.Y. 1997)). While all of these factors are to be considered, "prime among them is the first factor, i.e., whether the crime, by its nature, is probative of a lack of veracity." Espinosa, 2014 WL 9888352, at *2 (quoting United States v. Brown, 606 F. Supp. 2d 306, 312 (E.D.N.Y. 2009)) (additional citation and internal quotation marks omitted).

As to non-felony matters, the Court looks to Rule 609(a)(2). Such evidence must be admitted if the witness has been convicted of a crime involving "dishonesty or false statement." This is true without regard to "the severity of the punishment or any resulting prejudice." Fed. R. Evid. 609(a)(2). This prong of Rule 609(a) is meant to apply to convictions "peculiarly probative of credibility," such as those for "perjury or subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of crimen falsi, the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully." United States v. Estrada, 430 F.3d 606, 616 n.3 (2d Cir. 2005).

V. Disposition of the Motions

A. Motion to Dismiss Defendants Johnson, Barnet and Berry

Defendants seek to dismiss individual Defendants Johnson, Barnet and Berry from this action. In support of this motion, Defendants rely on the deposition transcripts of each defendant. Reliance on such material would be proper not in the context of a motion to dismiss, but in the context of a motion for summary judgment. In any event, as described above, the dates for the making of any such dispositive motions have long passed. Moreover, a review of this branch of the motion shows the presence of material issues of fact. Accordingly, the Court denies the motion at this time. This denial is without prejudice to renewal under the proper Federal Rule of Civil Procedure at the close of the Plaintiff's case.

B. Motion to Preclude the Testimony of Plaintiff's Mother and Friend

Defendants seek to preclude the testimony of Plaintiff's mother and friend on the grounds that they lack information about the incident at issue, that their testimony would be cumulative, and that it would serve only to elicit sympathy in violation of Rule 403 of the Federal Rules of Evidence. Defendants' Memorandum of Law in support of their motion in limine refers to Rule 403 of the Federal Rules of Civil Procedure. Presumably, they meant to refer to Rule 403 of the Federal Rules of Evidence. As referred to above, that Rule allows a Court to exclude relevant evidence if the probative value thereof is substantially outweighed by the danger of: unfair prejudice, confusion of issues, misleading the jury, undue delay, waste of time or needlessly presenting cumulative evidence. See Fed. R. Evid. 403. Applying these standards, the Court holds first that the testimony of these two witnesses is relevant. According to Plaintiff, they will testify as to their presence at the NCCC immediately before the incident, and the abrupt cancellation of their visit with the Plaintiff. The Court holds further that the

relevance of their testimony is not outweighed by any Rule 403 factor. Accordingly, the motion to prohibit Plaintiff's mother and friend from testifying regarding what occurred on the date of the incident forming the basis of this action is denied.

C. Motion to Preclude Plaintiff from Offering Testimony Regarding Indemnification of Defendants

Defendants move to preclude Plaintiff from offering evidence of Defendants' indemnification by Nassau County on the grounds that such evidence is both irrelevant and prejudicial. Additionally, Defendants state that they will not offer evidence of their financial resources.

Under the circumstances herein, the Court agrees with Defendants that evidence of indemnification is not relevant, and even if such evidence were relevant, introduction thereof would be outweighed by the factors of unfair prejudice, confusion of issues and misleading the jury. Accordingly, the motion to exclude such evidence is granted.

D. Motion to Preclude Evidence of Defendants' Disciplinary Investigatory History

Defendants move to preclude the introduction of any disciplinary, investigatory and/or litigation history as to the named Corrections Officers. Defendants argue that such evidence amounts to inadmissible character evidence in violation of Rule 404(b). While such propensity evidence would likely be inadmissible, similar act evidence "offered to show intent is admissible in a section 1983 case because the defendant's intent is a relevant element of the constitutional tort." Lombardo, 2002 WL 113913, at *6. Thus, while such evidence is not admissible to show propensity to act in a particular way at a particular time, it may be allowed for other limited purposes, such as to show a defendant's intent to cause harm or failure to intervene - necessary elements of Plaintiff's two Section 1983 claims. See id. at *7.

There does not appear to be any opposition by Plaintiff to this portion of Defendant's motion. However, it is also not clear that any such evidence will be offered at trial. For these reasons, the Court denies the motion at this time, without prejudice to renewal at the time of trial, should the issue arise.

E. Motion to Bifurcate the Trial

Defendants move to bifurcate the trial into liability and damages. The Court denies the motion on the ground that bifurcation of this already-delayed relatively short trial will serve no purpose.

F. Motion to Allow Evidence of Plaintiff's Gang Affiliation

In support of this motion, Defendants argue that the specific way in which Plaintiff's pants were altered (to allow the smuggling of contraband) is a type of apparel alteration used by members of MS-13. They argue that gang affiliation is relevant to the nature of the inspection conducted prior to Plaintiff's scheduled visit with family, and therefore relevant to the issues to be tried. It is not.

First, it is difficult to believe that corrections officers only inspect the trousers of prisoners who are suspected or known gang members, and/or that their inspections are somehow particularized to look into a distinctive type of tailoring. Defendants do not, and cannot, argue that they do not thoroughly inspect all prisoners (including their pants) before they come into contact with members of the visiting public. Indeed, the Court can scarcely imagine a scenario where corrections officers only inspect the apparel of gang members for contraband smuggling prior to visits, and that those same officers readily allow all other prisoners to engage in visitation with outsiders without such inspection. Defendants can testify as to their inspection of

Plaintiff's clothing for contraband without going into the particular gang-specific smuggling techniques used by NCCC detainees.

Even if there were a type of pants-hemming particular to gang members, that issue is of no relevance to the central issue for trial, i.e., whether Plaintiff was subject to the use of excessive force. Further, even if the Court accepted Defendants' torturous argument for relevance, the probative value of such evidence is outweighed by the danger of prejudice and jury confusion. To be clear, this is a case about whether or not the Plaintiff's civil rights were violated when he was allegedly assaulted by Defendants. The issues that the jury will be asked to decide have nothing to do with Plaintiff's gang association. Defendants' motion to admit evidence of any gang affiliation is denied. Plaintiff's corresponding motion to exclude such evidence is granted.

G. Motion to Allow Evidence of Plaintiff's Prior Felony Convictions

1. Rule 609(a)(1)

As noted, Federal Rule of Evidence 609(a)(1) generally allows for the use of felony convictions for the purpose of impeaching witness credibility. Such use is, however, subject to the considerations set forth in Federal Rule of Evidence 403. At issue here are two criminal felony convictions that followed two separate pleas of guilty. Both convictions followed the incident forming the basis of this lawsuit. First, on July 11, 2019, Plaintiff was convicted of attempted possession of contraband at the NCCC. Second, on April 13, 2022 (shortly before the first scheduled trial herein), Plaintiff was convicted of murder in the second degree.

In apparent recognition of the Rule 404(b) prohibition of the use of character evidence, Defendants state that they do not seek to introduce evidence of these convictions to show that Plaintiff is a violent and aggressive person. (Def. Mem. of Law in Opp'n to Pl. Mot. in Limine

2.) Instead, they seek to introduce such evidence only for the limited purpose of attacking Plaintiff's credibility. (See id.) To accomplish this purpose, Defendants propose to ask Plaintiff on cross-examination only what he was convicted of, and the term of his sentence. (See id. at 3.) Plaintiff opposes even the limited questioning that Defendants propose.

While the Federal Rules of Evidence allow for the use of Plaintiff's felony convictions, there is undoubtedly a danger that the jury will be prejudiced by the introduction of such evidence. This is especially true here, where the claim is that Defendants used excessive force against Plaintiff while he was in custody. It is not a far leap to imagine the substantial prejudice to Plaintiff where the jury will be limited to considering only the conduct on the date of the incident at issue, and not Plaintiff's overall character and propensity for violence. The same is true with respect to Plaintiff's prior conviction for attempted possession of contraband. As noted, the use of such propensity evidence is precluded by the Federal Rules of Evidence. Upon application of the Rule 403 balancing factors, the Court holds that Defendants will not be allowed to introduce evidence of Plaintiff's felony convictions. Accordingly, Defendants' motion to use such evidence, even for the limited purpose of impeachment, is denied. Plaintiff's corresponding motion to preclude the use of such evidence is granted.

2. Rule 609(a)(2)

Defendants also argue that Plaintiff's murder conviction must be admitted under Rule 609(a)(2) because his plea of guilty to murder in this case transforms the crime of murder here to a crime involving the making of false statements. If the crime of murder falls within this section of Rule 609, it is presumptively admissible. See Brown v. Cornell, No. 9:17-CV-1036, 2021 WL 2711511, at * 4 (N.D.N.Y. July 1, 2021). In support of this argument, Defendants point to Plaintiff's explanation of the murder during his plea allocution, wherein he

stated that he falsely lured the murder victim into a park on the false pretense of smoking marijuana with him. Instead, as Plaintiff allocuted, the victim was lured into the park to be murdered. These facts of the allocution do not transform a murder conviction into a crime of dishonesty or false statement within the meaning of Rule 609(a)(2). "While much successful crime involved some quantum of stealth, all such conduct does not, as a result, constitute [a] crime of dishonesty or false statement for purposes of Rule 609(a)(2)." Estrada, 430 F.3d at 614. Accordingly, the Court denies the motion to admit Plaintiff's felony convictions on the ground that they fall within the definition of those set forth in Rule 609(a)(2). Accord Espinosa, 2014 WL988832, at *4.

H. Motion to Allow Evidence of Plaintiff's Jail Disciplinary Infractions

For similar reasons to those set forth above, evidence of Plaintiff's jail disciplinary infractions will not be admitted into evidence. See Lombardo, 2002 WL 113913, at *3. The Court also holds that that evidence of such infractions will not be allowed even for impeachment purposes on the ground that such use would violate Rule 403. Accordingly, Defendants' motion to allow use of Plaintiff's jail disciplinary records is denied and Plaintiffs' corresponding motion to preclude such use is granted. See Starmel v. Tompkin, No. 9:20-CV-00089, 2022 WL 6737723, at * 3 (N.D.N.Y. Oct. 11, 2022) (denying motion to use plaintiff's disciplinary records character evidence to show plaintiff's "disregard for law and order").

I. Motion to Preclude Reference to Plaintiff's Immigration Status

Plaintiff has moved to preclude reference to Plaintiff's immigration status. A review of the motion papers reveals that Defendants do not intend to offer any such evidence. Even if such evidence were offered, the Court would not allow its introduction. Plaintiff's immigration status has no relevance to the issues to be tried.

J.    Motion to Allow Plaintiff to Appear in Civilian Clothes and Without Restraints

At this point in time, it is unclear whether Plaintiff will be appearing to testify in person in this trial. Because this is a civil trial, Plaintiff does not have the absolute right to appear for in-person testimony. See Vaughan v. Sposato, No. CV-11-3097, 2013 WL 5774880, at *2 (E.D.N.Y. Oct. 21, 2013) ("Although due process prohibits denial of access to the courts, a prisoner does not have a constitutional right to attend the jury trial of his civil rights claim . . . .") (collecting cases). Indeed, to avoid further delay and imposition on law enforcement authorities who are busy transporting individuals to criminal proceedings, it is more than likely that Plaintiff will testify from a remote location. See id. at *2 (noting that the factors to be considered when deciding whether to permit an incarcerated plaintiff to appear in person for trial include, inter alia, "the costs and inconvenience of transporting a prisoner from his place of incarceration to the courtroom" and "any potential danger or security risk which the presence of a particular inmate would pose to the court.") (quoting Stone v. Morris, 546 F.2d 730, 735-36 (7th Cir. 1976)). In any event, the Court grants Plaintiff's motion to appear in civilian clothes. In the event that Plaintiff testifies in person, the Court will defer to law enforcement professionals to determine whether Plaintiff should be restrained. If Plaintiff testifies remotely, it is almost certain that he will appear to the jury in a room that does not require the use of restraints. Accord Vaughan, 2013 WL 5774880, at *3 (noting that at least one court has found that allowing an incarcerated plaintiff to participate at trial via videoconference "would actually 'lessen the risk that the jury would be prejudiced or misled' by the presence in court of the security measures necessary to secure public safety and the plaintiff's continued confinement") (quoting Oritz v. Burnias, No. 2:09-cv-0396, 2012 WL 3237161, at *1 (D. Ariz. Aug. 7, 2021)).

**SO ORDERED.**

Dated: Central Islip, New York
November 1, 2022

                                                      /s/ Anne Y. Shields
                                                      ANNE Y. SHIELDS
                                                      United States Magistrate Judge