UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
KEVIN GRANADOS-COREAS,

                Plaintiff,                            **MEMORANDUM**
                                                    **AND OPINION**
            -against-                              CV 18-6092 (AYS)

NASSAU COUNTY, Corrections Officers
MICHAEL McCANN, BRIAN JOHNSON,
TIMOTHY BARNET, and KEVIN BERRY,

                Defendants.
----------------------------------------------------------X

**ANNE Y. SHIELDS, United States Magistrate Judge:**

This is an action commenced pursuant to 42 U.S.C. §1983, alleging the use of excessive force by Defendants when Plaintiff Kevin Granados-Coreas ("Plaintiff") was a pretrial detainee in the custody of Defendant County of Nassau ("Nassau" or the "County"). In addition to naming the County as a Defendant, Plaintiff names as defendants individual Nassau County Corrections Officers Michael McCann ("McCann" or "officer McCann"), Brian Johnson ("Johnson" or "Officer Johnson"), Timothy Barnet ("Barnet" or "Officer Barnet"), and Kevin Berry ("Berry" or "Officer Berry") (collectively the "Defendant Officers"). This case is trial ready. Presently before the Court is Plaintiff's motion to amend the joint pretrial order a second time.[1] The motion is granted.

---

[1] The first motion to amend was made by Defendants and was granted by the Court by Order dated October 18, 2022.

1

BACKGROUND

This action arises out of an incident that took place on November 1, 2017, when Plaintiff was a pretrial detainee at the Nassau County Correctional Center (the "NCCC"). The incident occurred in or around the time that Plaintiff was escorted by Defendant Officer McCann to an area where Plaintiff could visit with his mother and a friend. Plaintiff alleges that the visit was abruptly cancelled and that he was thereafter assaulted. He alleges that he was assaulted first by McCann, and was thereafter assaulted and restrained by Defendant Officers Johnson, Barnet and Berry. Plaintiff alleges the violation of his Constitutional rights in the form of the use of excessive force (Am. Compl., Docket Entry ("DE") [15], ¶¶ 39-43), municipal liability (id. ¶¶ 44-49), and failure to intervene. (Id. ¶¶ 57-60).[2] Defendants deny all allegations.

DISCUSSION

I.    The Present Motion

In the present pretrial order, Plaintiff names three witnesses. He does not name the Defendant Officers or any other officers as witnesses. Defendants' witness list, however, names all four of the Defendant Officers as witnesses. Defendants also name as witnesses Correction Officers Jose Ortiz ("Ortiz"), Ryan Jansen ("Jansen") and James Holt ("Holt").

Plaintiff seeks to amend the pretrial order so that he can also name the Correction Officers and the other officers named as witnesses by Defendants to the Plaintiff's witness list. Additionally, Plaintiff seeks to add Sergeant Anthony Nicholas ("Nicholas") as a witness. Nicholas is stated to have been the investigating supervisor in the use-of-force reports arising out

---

[2]    Plaintiff has agreed to dismiss claims previously alleged for conspiracy to violate his civil rights as set forth in his Third and Fourth Causes of Action. See Amended Joint Pretrial Order, DE [44], at 9 ¶ 6.

of the incident that forms the basis of this action. Nicholas is also stated to be a person identified by Defendant McCann at his deposition.

In addition to seeking to add to his witness list, Plaintiff seeks to add documents to the pretrial order. The only documents sought to be added that appear to be opposed by Defendant are the Nassau County "Use of Force Policy and modifications."

II.     Disposition of the Motion

When deciding whether to allow amendment of a pretrial order the Court considers: "(1) the prejudice or surprise in fact to the opposing party; (2) the ability of the party to cure the prejudice; (3) the extent of disruption of the orderly and efficient trial of the case; and (4) the bad faith or willfulness of the non-compliant party." Potthast v. Metro-North R.R. Co., 400 F.3d 143, 153 (2d Cir. 2005) (quoting Rapco, Inc. v. Comm'r, 85 F.3d 950, 953 (2d Cir. 1996)).

Defendants argue that amendment will lead to prejudice and delay. They also argue that Plaintiff fails to articulate the harm that would flow from a failure to allow amendment. As to adding Nicholas to the pretrial order, Defendants argue that even though Nicholas's name appears as the investigating supervisor on the date of the incident forming the basis of Plaintiff's claims, they do not know if he was the "only" person in that role on that day. (Def. Mem. of Law in Opp'n, DE [63-1], 8.) Defendants also argue that it is prejudicial to require defense counsel to be aware of each and every name on the thousands of pages exchanged during discovery. This latter argument is made even though the documents bearing Nicholas's name were produced by Defendants.

Upon consideration of the standards above, and the facts and arguments raised herein, the Court grants the motion to amend in its entirety. The trial date of this case has yet to be set, but it is likely months away. While somewhat unclear, Defendants appear to oppose allowing Plaintiff

to add to his witness list the named Officer Defendants and other officers already named by Defendants as witnesses. This argument, if made, is completely lacking in any merit. Nor can the Court find any merit in Defendants' resistance to adding Nicholas, at this time, as a witness. Additionally, the Court finds without merit the opposition to Plaintiff's request to add documents to the pretrial order. The Court reminds the parties that, absent agreement, the Court will rule on the admissibility of all witness testimony and documentary evidence at the time of trial. Merely allowing the listing of evidence in the pretrial order does not necessarily mean that such evidence will be admitted at trial.

Finally, the Court exercises its discretion to determine the order of introduction of evidence at trial in the following manner. To ensure clarity of presentation and to avoid jury confusion, Plaintiff's counsel is directed to call, if she wishes, the three witnesses listed in Plaintiff's original pretrial order as her case in chief. Defendants will be allowed to call their named witnesses as part of the defense in this case, and will not be put in the position of cross-examining their own witnesses as part of the Plaintiff's case. Further, no less than two weeks prior to trial, Defendants' counsel is directed to advise Plaintiff as to whether he intends to call all witnesses on his witness list as part of the defense's case. In the event that any witness named will not be called by Defendants' counsel, Plaintiff's counsel will be able to call that witness as part of Plaintiff's case.

## CONCLUSION

Plaintiff's motion to amend the pretrial order is granted in its entirety. The parties shall file a second amended joint pretrial order within two (2) weeks of the date of this Order.

Case 2:18-cv-06092-AYS   Document 65   Filed 02/15/23   Page 5 of 5 PageID #: 626

**SO ORDERED:**

Dated: Central Islip, New York
      February 15, 2023

/s/    Anne. Y. Shields
ANNE Y. SHIELDS
United States Magistrate Judge